UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNE M. BRADLEY, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:11cv47 (SRU) |
| KEVIN LAWLOR, ET AL., | : | |
|     Respondents. | : | |
| | : | |

# ORDER

The plaintiff, Anne M. Bradley, commenced this action against sixty-four defendants, of which fifty-nine were listed as "parties" in the body of her complaint. On November 14, 2011, I dismissed the complaint. On April 9, 2012, plaintiff filed an amended "Civil Rights Complaint" against sixty-one defendants, although some of the individuals listed are different from those in the original complaint. In addition, there are sixty-two "parties" listed in addition to the group listed as defendants. *Docs. 31 & 33*. These individuals include public defenders, prosecutors, state appellate judges, officers of the West Haven Police Department, commissioners of the Department of Mental Health, court-ordered medical evaluators, forensic scientists, and a private defense attorney. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Although plaintiff has made efforts to identify the defendants connected with each alleged violation, the complaint still fails to state a claim upon which relief may be granted. Because the amended complaint is nearly identical to the original complaint, it too should be should be dismissed for lack of subject matter jurisdiction. Even if construed in the most liberal manner, the complaint still fails to set forth a viable claim under either 42 U.S.C. § 1983 or § 1985 and, therefore, cannot support this Court's exercise of federal question jurisdiction under

28 U.S.C. § 1331 or § 1343(a)(3).  In addition, it remains the case that most, if not all, of the defendants are residents of Connecticut and thus, diversity of citizenship is lacking.  There are at least six grounds for holding that the claims in plaintiff's amended complaint are "frivolous," or fail to state a claim upon which relief may be granted.

  First, most, if not all, of plaintiff's claims are time-barred under Connecticut's three-year statute of limitations for all claims under section 1983.  *Conn. Gen. Stat. § 52-577*.  The original complaint was filed on January 7, 2011, therefore all claims arising out of events prior to January 7, 2008, are time-barred.  Plaintiff was arrested on June 16, 2006, and was hospitalized from June 17 to June 30, 2006.  *Cmplt.* at 12.  Plaintiff has not provided any dates that would suggest that any of her claims stem from events after 2006.  The time-barred claims include her claim for illegal detention at the UNH and at the psychiatric hospitals (Claim 1); her claims for deprivation of rights (Claim 2), which pertain to her illegal detention at UNH, and her alleged lack of a fair hearing on July 10, 2006; her claim for a deprivation of due process, in which she alleges that she did not receive a fair preliminary hearing (Claim 3); her claim for wrongful detainment at a psychiatric facility (Claim 4); her claim for false arrest on June 16, 2006 (Claim 5); her claim for false charges by prosecution (Claim 6); her claim for obstruction of justice in which she alleges that the prosecution and court repeatedly used tactics to pressure her to plead guilty, (Claim 7); her claim for perversion of justice which stems from  her guilty plea in October 2006 (Claim 8); her claim for perjury, which again relates to her guilty plea (Claim 9); her claim for civil contempt of court, in which she alleges that the prosecution, court, private attorney and public defendants used contempt of court to force her to plead and thereby acquire  a criminal record (Claim 10); her claim for ineffective assistance of counsel (Claim 11); her claim for malicious prosecution (Claim 12); her claim for conspiracy against rights (Claim 13); her claim for failure

to presume competency (Claim 15)[1]; her claim for failure to advise plaintiff of her rights at the time of her arrest (Claim 21); and her claim related to police officers' failure to issue an arrest warrant (Claim 22).[2]

Second, plaintiff has not satisfied the conditions of Rule 8 in providing the court with sufficient facts and particulars to state a claim against many of the defendants in this case. Following the Court's dismissal of her complaint, plaintiff amended her complaint to include Miriam Mendoza, Greg Halzack, Michael Hines, and Martin Libben from Adult Bail and Probation Services as defendants. It is unclear what federal law plaintiff believes that these defendants violated and what the negative outcome plaintiff suffered as a result was. The same is true for newly listed "parties," including Officer Maryann Ardolino, Officer Sal D' Amato, Captain Lorie Tomaro, Captain Charles Beurer, Captain David Sweet, Commissioner of Mental Health Patricia Rehmer, and prior Commissioner of Mental Health Thomas Kirk, all of whom plaintiff contends supported the defendants' alleged illegal scheme.  Colleen M. Murphy, who is the Executive Director of the Office of Governmental Accountability Freedom of Information Commission is not listed as a "party" and plaintiff has failed to identify any act or omission by Murphy that allegedly violated her civil rights or wronged her in any way.  Plaintiff also mentions State Forensic Scientists Dr. Jack Hubball, Dr. Kenneth Zercie, and Gary Hunt in her "Nature of the Case" section but has failed to state a claim against these individuals, only stating that they "failed to make proper determination and evaluation of this paperweight" and "claimed their testing was proper, which is was not." *Am. Cmplt.* at 18.   Without more, plaintiff has

---

[1] The amended complaint does not contain a Claim 18 or Claim 19.

[2] The remaining claims are her claim that court records in her case were falsified (Claim 14); her claim that the Court failed to properly instruct the jury on evidence of intent (Claim 16); her claim for due process violations relating to her communication with the Court (Claim 17); her claim that the Court did not allow her six preemptory challenges to jurors (Claim 20); her claim that the trial court failed to record a valid list of witnesses (Claim 23); her claim that the Appellate Court failed to allow her oral argument (Claim 24); and her claim that the State's Attorney acted improperly with regard to the charges against her (Claim 25).

failed to satisfy Rule 8's demand that a litigant provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Third, plaintiff's claims against private individuals under 42 U.S.C. § 1983 fail because the plaintiff has not alleged that those defendants acted either as a state official under the color of state law or in concert with a state official.  *See, e.g, Rodriguez v. Phillips,* 66 F.3d 470, 473 (2d Cir. 1995*).*  The claims against public defenders, private lawyers, legal service attorneys, doctors, and private security officers can all be dismissed because none of those individuals was acting as a state actor.

Fourth, plaintiff's federal claim under 42 U.S.C. § 1985, which provides an avenue of relief for victims of a civil rights conspiracy, is also insufficient. Section 1985 requires that conspirers' act have a racist or sexist purpose. But the plaintiff has not alleged any class-based, invidious discriminatory animus behind the alleged conspiracies in her amended complaint as required by the statute.  *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)(quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829 (1983)).

Fifth, the plaintiff has sued many defendants that have absolute immunity from suits for money damages.  The judges, prosecutors, court clerks, court-ordered evaluators, marshals, and witnesses are all immune from suits for money damages.  See Martin A. Schwartz, <u>1A Section 1983 Claims and Defenses</u> § 9.04[B] (2010-2 Supp.); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *Briscoe v. LaHue*, 460 U.S. 325, 342 (1983); *Brown v. Newberger*, 291 F.3d 89, 94 (1st Cir. 2002).  Claims 14, 17, 20, 23, 24 and 25 all appear to pertain to events in court and are acts by prosecutors, judges, and court clerks who are immune.

Lastly, this Court is barred from reviewing plaintiff's challenge to adverse state court rulings.  The *Rooker-Feldman* doctrine prevents lower federal courts from entering rulings that constitute appellate review of state court judgments.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  Thus, plaintiff's claims that the Court failed to give certain jury instructions (Claim 16); her claim that the Superior Court failed to dismiss the case, failed to instruct the jury, failed to dispose of the case according to law (portions of Claim 8); and her claim regarding perjury of a trial witness (Claim 9) must be dismissed.

For all of the reasons above, the amended complaint is dismissed.  The clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 10th day of  September 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge